```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK BERMAN,

                            Plaintiff,
                                                                        07 Civ. 1795 (RPP)
        - against -

SUGO LLC, ANDREW J. WEINSTEIN, and                             **OPINION & ORDER**
ISIT LLC,

                            Defendants.
-------------------------------------------------------------------X
SUGO LLC and ANDREW J. WEINSTEIN,

                            Counter-Plaintiffs,

        - against -

ERIC LEVEN, ADITYA VERMA,
RIP ROAD LLC, and RIP ROAD, INC.,

                            Counter-Defendants.
-------------------------------------------------------------------X
```

**ROBERT P. PATTERSON, JR., U.S.D.J.**

Counter-Plaintiffs Sugo LLC and Andrew J. Weinstein moved this Court to reconsider its opinion and order dated June 12, 2008, granting in part and denying in part Counter-Defendants' motion to dismiss the Counterclaims. For the reasons that follow, the Court denies the motion for reconsideration (Doc. No. 45).

Under Local Rule 6.3, a party seeking reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3; see also Eisemann v. Greene, 204 F.3d 393, 395 n.1 (2d Cir. 2000) (per curiam) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion").

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Alzamora v. Village of Chester, No. 06 Civ. 7644, 2008 WL 375091, at *3 (S.D.N.Y. Feb. 8, 2008) (stating that a motion for reconsideration shall be granted only if "the court has overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court).

Counter-Plaintiffs move for reconsideration on the grounds that the Court "failed to apply Connecticut law to the breach of contract claims" and "failed to provide the opportunity for Counterclaim Plaintiffs to replead the claims that were dismissed in the Order," and on the belief "that these issues were inadvertently overlooked by the Court or erroneously determined." (Mem. Law Supp. Mot. Recons. at 1.)

The Court did not overlook the question of whether Connecticut law applied to Counter-Plaintiffs' breach of contract claims. Counter-Plaintiffs argued both in their opposition to the motion to dismiss and in support of their motion for reconsideration that the Connecticut Limited Liability Company Act specifically permits an oral operating agreement. The permissibility of oral operating agreements as a matter of law in Connecticut, however, is not relevant to the question of whether the Counterclaims adequately alleged an oral agreement in pleading breach of contact. In its opinion and order, the Court determined that the Counterclaims failed adequately to allege the existence of an operating agreement. The Counterclaims did not allege a single fact relating to the formation of an oral operating agreement, and Counter-Plaintiffs

2

acknowledged that Leven did not want to sign the written draft operating agreement, which by its own terms "shall be effective when it is signed by all of the Members," while working as a part-time consultant at Cingular. This determination is the same under New York law and Connecticut law.

The Court further concluded in its opinion and order that granting leave to replead the breach of contract claims would be futile because the purported oral agreement failed as a matter of law on the issue of contract formation. The Court applied the law of the forum state, New York, because no material conflict exists between the laws of New York and Connecticut with respect to the formation of an oral agreement where a party has expressed intent not to be bound until the agreement is in writing. Compare Scheck v. Francis, 260 N.E.2d 493, 494-95 (N.Y. 1970), with Fowler v. Weiss, 546 A.2d 321, 323-24 (Conn. App. 1988). The choice of law calculus was thus unnecessary. IBM v. Liberty Mut. Ins. Co., 363 F.3d 137, 143 (2d Cir. 2004) ("Choice of law does not matter, however, unless the laws of the competing jurisdictions are actually in conflict. . . . In the absence of substantive difference, . . . a New York court will dispense with choice of law analysis; and if New York law is among the relevant choices, New York courts are free to apply it."). In any event, the choice-of-law analysis would not change the outcome of the Court's decision. Nor does the permissibility of oral operating agreements under Connecticut statutory law have any bearing on whether a valid oral contract was formed between the parties.

Finally, the Court did not misinterpret the statement in Counter-Plaintiffs' opposition brief regarding the reason why the oral operating agreement was never signed. (See Counter-Pls.' Mem. Law Opp'n at 2 n.1.) The fact that Leven did not want to sign

3

the written draft operating agreement while he remained effectively in breach of its terms (i.e., working as a part time consultant at Cingular, a potential major Sugo customer) is one fact among others that support the conclusion that the parties did not intend to be bound by a superseding oral agreement. (See Opinion & Order dated June 12, 2008, at 14.)

Having asserted these claims against Counter-Defendants in no less than five pleadings in three separate actions, Counter-Plaintiffs by now have had several opportunities to set forth allegations adequate to survive a motion to dismiss. Counter-Plaintiffs fail to point to any overlooked facts or controlling case law warranting reconsideration of this Court's decision to dismiss the breach of contract claims and other claims without leave to replead. Accordingly, the motion for reconsideration (Doc. No. 45) is denied.

IT IS SO ORDERED.

Dated: New York, New York
August 5, 2008

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

*Attorney for Plaintiff*
Attn: Ronald Paul Mysliwiec
The Law Offices of Ronald P. Mysliwiec
1740 Broadway, 22nd Floor
New York, NY 10019
(212) 245-2202
Fax: (212) 245-8683

4

*Attorney for Counter-Plaintiffs*
Attn: Bennett Haskell Last
Gilbride, Tusa, Last & Spellane LLC
708 Third Avenue, 26th Flr.
New York, NY 10017
516-773-3931
Fax: 212-661-6328

*Attorney for Counter-Defendants*
Attn:  Stephen M. Kramarsky
Dewey, Pegno & Kramarsky, LLP
220 East 42nd Street, 33rd Flr.
New York, NY 10017
(212) 943-9000
Fax: (212) 943-4325